KENTUCKY BAR ASSOCIATION, Movant,

v.

Kevin M. CALLIHAN, Respondent.

No. 2004–SC–00722–KB.

Supreme Court of Kentucky.

March 23, 2006.

AS Modified June 15, 2006.

Bruce K. Davis, Executive Director, Kentucky Bar Association, Linda Gosnell, Chief Bar Counsel, Kentucky Bar Association, Dana Cox Nickles, Kentucky Bar Association, Deputy Bar Counsel, Frankfort, Counsel for Movant.

Kevin M. Callihan, Athens, OH, for Respondent.

## MODIFIED OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended to this Court that Respondent, Kevin M. Callihan, who was admitted to practice law in Kentucky in October 1982, whose Bar Roster Address is 26 East Park Drive, Apt. D, Athens, Ohio 45701–5002, and whose KBA Member Number is 10110, be suspended from the practice of law in Kentucky for 181 days and enter into a monitoring agreement with the Kentucky Lawyer Assistance Program (KYLAP) for a period of five years.

On August 16, 2001, Callihan appeared in Ohio Municipal Court in Ironton, Ohio, and entered a plea of no contest to the following misdemeanor criminal charges: one count of criminal damaging, two counts of falsification, and one count of driving under the influence of drugs or alcohol. Callihan was sentenced to nine months in jail. He served approximately 45 days of his sentence.

The KBA initiated disciplinary proceedings against Callihan in KBA File No. 8865. On June 9, 2003, the inquiry Commission charged Callihan with a single count of violating SCR 3.130–8.3(b), which provides: "It is professional misconduct for a lawyer to commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer in other respects." The Commission's charge arose out of Callihan's misdemeanor criminal conviction in Ohio. Callihan has admitted the allegations contained in the charge.

Callihan had previously been suspended from the practice of law on February 7, 2002 for nonpayment of bar dues. He has not been reinstated or restored to practice since that suspension. He has no other prior discipline.

After the issuance of the charge, Callihan moved the Court to impose consensual discipline. The KBA had no objection to the proposed discipline. The Court, however, was not satisfied that the proposed discipline was supported by the facts, so it remanded the matter for the KBA to engage in the fact-finding that comes with the usual disciplinary proceedings.

The matter was subsequently heard by a trial commissioner. Callihan did not attend the hearing, which was held on May 31, 2005. The trial commissioner was presented with evidence that Callihan had pled no contest to a charge of criminal damaging, which stemmed from his use of a pair of bolt cutters to cut a fence or a bolt in order to retrieve his car from an impound lot in Ironton, Ohio, and charges of falsification and driving under the influence. The trial commissioner recommended that Callihan be retroactively suspended from the practice of law.

The matter then proceeded to the Board of Governors, which made findings of fact. The Board found that Callihan had admitted the allegations in the charge. It also

744

noted that Callihan offered evidence in mitigation, specifically that he alleged that he suffered from substance abuse and mental health problems. He noted that he had entered into a supervision agreement with KYLAP and that he had received treatment for his problems. He expressed remorse for his conduct. His file contained evidence from KYLAP that, as of the time of the proceedings before the Board, he had complied with all of KYLAP's requirements.

Since the time of the criminal offense, Callihan has pursued a master's degree in public administration at Ohio University. While in Ohio, he has been monitored by the Ohio Lawyer Assistance Program, Ohio's version of KYLAP, which reports that Callihan has complied with all of the recommendations imposed by his agreement with them. His counselor in Ohio has noted that he "is doing much more than complying with the agencies [sic] policy, procedures and requirements."

The Board of Governors found Callihan guilty, by a vote of 20 to 0, of the sole count in the disciplinary charge. By the same vote, the Board recommended that Callihan be suspended from the practice of law for 181 days, to be served prospectively, and that he be required to enter into a monitoring agreement with KYLAP for a period of five years.

Callihan has not filed a notice pursuant to SCR 3.370(8) for this Court to review the Board's decision, and we do not elect to review the decision of the Board pursuant to SCR 3.370(9). The decision of the Board is hereby adopted pursuant to SCR 3.370(10).

Accordingly, it is hereby ORDERED that:

1. Respondent, Kevin M. Callihan, is suspended from the practice of law in Kentucky for a period of 181 days in connection with KBA File No. 8865. The period of suspension shall be treated as having commenced on March 23, 2006, the date of the entry of the previous Order for which this Order is substituted.

2. Respondent shall submit to supervision by KYLAP for an additional period of five years under the same conditions as set forth in the Supervision Agreement he previously entered into on April 1, 2004.

3. This Order is unrelated to and does not affect Respondent's previous order of suspension for nonpayment of bar dues on February 7, 2002.

4. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings in the amount of $1,110.19 for which execution may issue from this Court upon finality of this Order.

All concur.

ENTERED: June 15, 2006.

/s/ Joseph E. Lambert
CHIEF JUSTICE